**FINE, WYATT & CAREY, P.C.**
*BY: RICHARD G. FINE, ESQUIRE*
*Attorney ID No. 08281*
*BY: JEFFREY E. HAVRAN*
*Attorney ID No. 78840*
*425 Spruce St.*
*P.O. Box 590*
*Scranton PA 18501*
*(570) 343-1197*                    *Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANNA PERASSO,** | : | |
| 41 Watchung Plaza, Suite 208 | : | **Civil Action - Law Division** |
| Montclair, NJ 07042 | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Plaintiff**, | : | |
| **v.** | : | |
| | : | |
| **CAESARS COVE HAVEN** | : | **(Electronically Filed)** |
| 194 Lakeview Drive | : | |
| Lakeville, PA 18438 | : | |
| | : | |
| **and** | : | |
| | : | |
| **COVE HAVEN, INC. t/d/b/a** | : | |
| **CAESARS COVE HAVEN,** | : | |
| 194 Lakeview Drive | : | |
| Lakeville, PA 18438 | : | |
| | : | |
| **COVE HAVEN, INC. t/d/b/a** | : | |
| **COVE HAVEN RESORT** | : | |
| 194 Lakeview Drive | : | |
| Lakeville, PA 18438 | : | |
| | : | |
| **and** | : | |
| | : | |
| **STARWOOD HOTELS & RESORTS** | : | |
| **WORLDWIDE, INC.** | : | |
| 1111 Westchester Avenue | : | |
| White Plains, NY 10604 | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

**AND NOW COMES** the above-named Plaintiff, Anna Perasso, by and through her Attorneys, Fine, Wyatt & Carey, P.C., and hereby complains against the above-named Defendants, Caesars Cove Haven, Cove Haven, Inc. t/d/b/a Caesars Cove Haven, Cove Haven, Inc., t/d/b/a Cove Haven Resort and Starwood Hotels & Resorts Worldwide, Inc., as follows:

## JURISDICTION

1.      This action is one over which this Federal Court has original jurisdiction pursuant to Title 28, U.S.C. Code §1332, since the amount of controversy is an amount in excess of $75,000, exclusive of interest and costs and there is complete diversity of citizenship between the parties.

## PARTIES

2.       The Plaintiff, Anna Perasso, is an adult and competent individual, who is a citizen of the State of New Jersey with her principal place of residence at 41 Watchung Plaza, Suite 208, Montclair, New Jersey.

3.      The Defendant, Caesars Cove Haven on information and belief is a corporation organized and existing under the laws of The Commonwealth of Pennsylvania and is a citizen of the Commonwealth of Pennsylvania, with its principal place of business or headquarters at 194 Lakeview Drive, Lakeville, Wayne County, Pennsylvania, 18438.

4.      The Defendant, Cove Haven, Inc. t/d/b/a Caesars Cove Haven, on information and belief is a corporation organized and existing under the laws of The Commonwealth of Pennsylvania and is a citizen of the Commonwealth of Pennsylvania,

with its principal place of business or headquarters at 194 Lakeview Drive, Lakeville, Wayne County, Pennsylvania, 18438.

5.     The Defendant, Cove Haven, Inc., t/d/b/a Cove Haven Resort on information and belief is a corporation organized and existing under the laws of The Commonwealth of Pennsylvania and is a citizen of the Commonwealth of Pennsylvania, with its principal place of business or headquarters at 194 Lakeview Drive, Lakeville, Wayne County, Pennsylvania, 18438.

6.     The Defendant, Starwood Hotels and Resorts Worldwide, Inc., on information and belief is a corporation organized and existing under the laws of the State of Maryland and is a citizen of Maryland, and licensed to transact business in the Commonwealth of Pennsylvania, with a principal place of business or headquarters at 1111 Westchester Avenue, White Plains, New York 10604.

## FACTS

7.     On or about July 17, 2008, the Plaintiff, Anna Perasso, was a business invitee on the premises owned and/or operated and/or maintained by the Defendants, Caesars Cove Haven, Cove Haven, Inc. t/d/b/a Caesars Cove Haven, Cove Haven, Inc., t/d/b/a Cove Haven Resort and Starwood Hotels & Resorts Worldwide, Inc., located at 194 Lakeview Drive, Lakeville, Wayne County, Pennsylvania, 18438.

8.     At all times material hereto, the Defendants, Caesars Cove Haven, Cove Haven, Inc. t/d/b/a Caesars Cove Haven, Cove Haven, Inc., t/d/b/a Cove Haven Resort and Starwood Hotels and Resorts Worldwide, Inc., either solely or jointly owned, possessed and/or operated premises, and were responsible for maintaining such place of business located at 194 Lakeview Drive, Lakeville, Wayne County, Pennsylvania, 18438.

9.      On or about July 17, 2008, the Plaintiff, Anna Perasso, was a business invitee at the Defendant, Caesars Cove Haven's premises/facility and was staying at the Garden of Eden Apple Suite.

10.      The Defendants advertise and hold out the Garden of Eden Apple Suite as a building with no windows or outside lighting.

11.      As the Plaintiff, Anna Perasso, entered the Garden of Eden Apple Suite at Defendants' premises/facility on July 17, 2008, said room was completely dark and Ms. Perasso could not appreciate or see that there was a set of 3-4 steps leading from the main floor to a lower level or sunken room containing a pool.

12.      The Plaintiff, Anna Perasso, could not appreciate or see the steps due to the darkness of the room, lack of outside lighting and the dark color of the walls and flooring.

13.      The Plaintiff, Anna Perasso, as she walked into the room, proceeded to fall down the steps due to darkness of the area and lack of lighting and sustained personal injuries as further set forth below.

## COUNT I - NEGLIGENCE
## Anna Perasso vs. Caesars Cove Haven

14.      Paragraphs 1 through 12 of Plaintiff's Complaint are hereby incorporated as though fully set forth at length herein.

15.      The Defendant, Caesars Cove Haven, is liable individually as well as vicariously liable for the carelessness and negligence of their employees.

16.      At all times relevant herein, the Defendant, Caesars Cove Haven, as an owner and/or possessor and/or maintainer of said property, was responsible for seeing

that its property was not dangerous and was free from any potential hazardous or dangerous conditions which could cause injury.

17.     The Defendant, Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, where this incident occurred, had a duty to conduct reasonable inspections of the premises and to either warn invitees, such as the Plaintiff, of any dangerous and/or hazardous and/or defective conditions which would be dangerous to invitees, such as the Plaintiff, and correct same.

18.     The Defendant, Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, where this incident occurred, failed to perform reasonable inspections and knew or should have known of the hazardous and dangerous conditions of the Garden of Eden Apple Suite prior to the happening of the events described herein.

19.     The negligence, carelessness and/or recklessness of the Defendant, Caesars Cove Haven, and/or its agents, servants, workmen and/or employees consisted of the following:

(a)     allowing and/or permitting dangerous conditions to exist on the premises when the Defendant knew or should have known of its existence and danger to invitees walking in said areas;

(b)     failing to discover what a reasonable inspection of said premises would have disclosed;

(c)     failing to maintain said area in a reasonably safe condition for walking thereon;

(d)     failing to make proper and timely inspections of the grounds where Plaintiff fell in order to assure the safety of said area and to ensure they did not present a hazard;

(e)     failing to correct conditions and maintain the area at the scene of the incident in a proper, safe and adequate manner which the Defendant

knew or should have known would expose its business invitees to an unreasonable risk of harm;

(f)  operating its place of business in a manner without due regard for the rights and safety of its business invitees;

(g)  failing to provide proper and adequate supervisory and maintenance programs, inspection programs, correction programs or other programs or procedures to ensure proper, safe and adequate invitee areas under the care, custody and control of the Defendant;

(h)  failing to provide warning devices or other methods of warning and/or advising invitees of the dangerous and hazardous conditions concerning the area in question;

(i)  failing to provide a means of adequate lighting for those invitees entering the Garden of Eden Apple Suite at Defendant's facility;

(j)  failing to provide appropriate warnings and/or caution for those invitees entering the Garden of Eden Apple Suite as to the existence of steps leading from the main floor to a lower level;

(k)  failing to provide handrails on said steps leading from the main floor to the lower level of the Garden of Eden Apple Suite; and

(l)  failing to provide adequate lighting for invitees of the Garden of Eden Apple Suite.

20.  The negligence and carelessness of the Defendant, Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, was the proximate cause of the incident and injury sustained by the Plaintiff, Anna Perasso, as outlined herein.

21.  Solely as a result of the negligence, carelessness and recklessness of the Defendant, Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, the Plaintiff, Anna Perasso, sustained debilitating injuries which include, but are not limited to injuries and pain to her right ankle and leg, injuries to her knees, various bruises and contusions to the right side of her body, bruising to her left lower extremity, and an injury to her back, as well as a severe shock to her nervous system, all of which have caused her great pain and suffering which will continue in the future.

22.     The negligence and carelessness of the Defendant, Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, as well as by and through its employees, was a cause-in-fact and a legal cause-of- injuries suffered by the Plaintiff, Anna Perasso.

23.     The Defendant, Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, is liable individually, as well as jointly and severally liable, along with the other Defendants set forth herein, for the injuries suffered by the Plaintiff, Anna Perasso.

24.     The Defendant, Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, is vicariously liable for the actions of its agents, servants, employees and/or representatives in their actions and/or failures to act as described herein which caused the aforesaid injuries to the Plaintiff, Anna Perasso.

25.     As a result of the injuries sustained by the Plaintiff, Anna Perasso, as aforesaid mentioned, she has suffered inconvenience and has and will be hindered and prevented from attending to use her usual daily duties, occupation, and avocations, all of which will continue in the future and will be permanent in nature, and which have caused her great pain and suffering.

26.     As a further result of the aforesaid injuries she sustained, the Plaintiff, Anna Perasso, has incurred and will continue to incur medical expenses in and about endeavoring to cure her said injuries, all of which have been and will continue to be, to her great financial damage and loss.

**WHEREFORE**, the Plaintiff, Anna Perasso, demands judgment against the Defendant, Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, in an amount in excess of $75,000, together with interest and costs.

## COUNT II - NEGLIGENCE
## Perasso v. Cove Haven, Inc.  t/d/b/a Caesars Cove Haven

27.     Paragraphs 1 through 26 of Plaintiff's Complaint are hereby incorporated as though fully set forth at length herein.

28.     The Defendant, Cove Haven, Inc. t/d/b/a Caesars Cove Haven, is liable individually, as well as vicariously liable, for the carelessness and negligence of their employees.

29.     At all times relevant herein, the Defendant, Cove Haven, Inc. t/d/b/a Caesars Cove Haven, as an owner and/or possessor and/or maintainer of said property, was responsible for seeing that its property was not dangerous and was free from any potential hazardous or dangerous conditions which could cause injury.

30.     The Defendant, Cove Haven, Inc. t/d/b/a Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, where this incident occurred, had a duty to conduct reasonable inspections of the premises and to either warn invitees, such as the Plaintiff, of any dangerous and/or hazardous and/or defective conditions which would be dangerous to invitees, such as the Plaintiff, and correct same.

31.     The Defendant, Cove Haven, Inc. t/d/b/a Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, where this incident occurred, failed to perform reasonable inspections and knew or should have known of the hazardous and dangerous conditions of the Garden of Eden Apple Suite prior to the happening of the events described herein.

32.     The negligence, carelessness and/or recklessness of the Defendant, Cove Haven, Inc. t/d/b/a Caesars Cove Haven, and/or its agents, servants, workmen and/or employees consisted of the following:

(a)     allowing and/or permitting dangerous conditions to exist on the premises when the Defendant knew or should have known of its existence and danger to invitees walking in said areas;

(b)     failing to discover what a reasonable inspection of said premises would have disclosed;

(c)     failing to maintain said area in a reasonably safe condition for walking thereon;

(d)     failing to make proper and timely inspections of the grounds where Plaintiff fell in order to assure the safety of said area and to ensure they did not present a hazard;

(e)     failing to correct conditions and maintain the area at the scene of the incident in a proper, safe and adequate manner which the Defendant knew or should have known would expose its business invitees to an unreasonable risk of harm;

(f)     operating its place of business in a manner without due regard for the rights and safety of its business invitees;

(g)     failing to provide proper and adequate supervisory and maintenance programs, inspection programs, correction programs or other programs or procedures to ensure proper, safe and adequate invitee areas under the care, custody and control of the Defendant;

(h)     failing to provide warning devices or other methods of warning and/or advising invitees of the dangerous and hazardous conditions concerning the area in question;

(i)     failing to provide a means of adequate lighting for those invitees entering the Garden of Eden Apple Suite at Defendant's facility;

(j)     failing to provide appropriate warnings and/or caution for those invitees entering the Garden of Eden Apple Suite as to the existence of steps leading from the main floor to a lower level;

(k)     failing to provide handrails on said steps leading from the main floor to the lower level of the Garden of Eden Apple Suite; and

(l)     failing to provide adequate lighting for invitees of the Garden of Eden Apple Suite.

33.    The negligence and carelessness of the Defendant, Cove Haven, Inc.

t/d/b/a Caesars Cove Haven, as owner and/or possessor and/or maintainer of said

property, was the proximate cause of the incident and injury sustained by the Plaintiff, Anna Perasso, as outlined herein.

34.    Solely as a result of the negligence, carelessness and recklessness of the Defendant, Cove Haven, Inc. t/d/b/a Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, the Plaintiff, Anna Perasso, sustained debilitating injuries which include, but are not limited to injuries and pain to her right ankle and leg, injuries to her knees, various bruises and contusions to the right side of her body, bruising to her left lower extremity, and an injury to her back, as well as a severe shock to her nervous system, all of which have caused her great pain and suffering which will continue in the future.

35.    The negligence and carelessness of the Defendant, Cove Haven Inc. t/d/b/a Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, as well as by and through its employees, was a cause-in-fact and a legal cause-of- injuries suffered by the Plaintiff, Anna Perasso.

36.    The Defendant, Cove Haven Inc.  t/d/b/a Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, is liable individually, as well as jointly and severally liable, along with the other Defendants set forth herein, for the injuries suffered by the Plaintiff, Anna Perasso.

37.    The Defendant, Cove Haven Inc.  t/d/b/a Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, is vicariously liable for the actions of its agents, servants, employees and/or representatives in their actions and/or failures to act as described herein which caused the aforesaid injuries to the Plaintiff, Anna Perasso.

38.     As a result of the injuries sustained by the Plaintiff, Anna Perasso, as aforesaid mentioned, she has suffered inconvenience and has and will be hindered and prevented from attending to use her usual daily duties, occupation, and avocations, all of which will continue in the future and will be permanent in nature, and which have caused her great pain and suffering.

39.     As a further result of the aforesaid injuries she sustained, the Plaintiff, Anna Perasso, has incurred and will continue to incur medical expenses in and about endeavoring to cure her said injuries, all of which have been and will continue to be, to her great financial damage and loss.

**WHEREFORE**, the Plaintiff, Anna Perasso, demands judgment against the Defendant, Cove Haven Inc.  t/d/b/a Caesars Cove Haven, as owner and/or possessor and/or maintainer of said property, in an amount in excess of $75,000, together with interest and costs.

### COUNT III - NEGLIGENCE
### Anna Perasso v Cove Haven, Inc. t/d/b/a Cove Haven Resort

40.     Paragraphs 1 through 39 of Plaintiff's Complaint are hereby incorporated as though fully set forth at length herein.

41.     The Defendant, Cove Haven, Inc. t/d/b/a Cove Haven Resort, is liable individually, as well as vicariously liable, for the carelessness and negligence of their employees.

42.     At all times relevant herein, the Defendant, Cove Haven, Inc. t/d/b/a Cove Haven Resort, as an owner and/or possessor and/or maintainer of said property, was responsible for seeing that its property was not dangerous and was free from any potential hazardous or dangerous conditions which could cause injury.

43.     The Defendant, Cove Haven, Inc. t/d/b/a Cove Haven Resort, as owner and/or possessor and/or maintainer of said property, where this incident occurred, had a duty to conduct reasonable inspections of the premises and to either warn invitees, such as the Plaintiff, of any dangerous and/or hazardous and/or defective conditions which would be dangerous to invitees, such as the Plaintiff, and correct same.

44.     The Defendant, Cove Haven, Inc. t/d/b/a Cove Haven Resort, as owner and/or possessor and/or maintainer of said property, where this incident occurred, failed to perform reasonable inspections and knew or should have known of the hazardous and dangerous conditions of the Garden of Eden Apple Suite prior to the happening of the events described herein.

45.     The negligence, carelessness and/or recklessness of the Defendant, Cove Haven, Inc. t/d/b/a Cove Haven Resort, and/or its agents, servants, workmen and/or employees consisted of the following:

(a)     allowing and/or permitting dangerous conditions to exist on the premises when the Defendant knew or should have known of its existence and danger to invitees walking in said areas;

(b)     failing to discover what a reasonable inspection of said premises would have disclosed;

(c)     failing to maintain said area in a reasonably safe condition for walking thereon;

(d)     failing to make proper and timely inspections of the grounds where Plaintiff fell in order to assure the safety of said area and to ensure they did not present a hazard;

(e)     failing to correct conditions and maintain the area at the scene of the incident in a proper, safe and adequate manner which the Defendant knew or should have known would expose its business invitees to an unreasonable risk of harm;

(f)     operating its place of business in a manner without due regard for the rights and safety of its business invitees;

(g)    failing to provide proper and adequate supervisory and maintenance programs, inspection programs, correction programs or other programs or procedures to ensure proper, safe and adequate invitee areas under the care, custody and control of the Defendant;

(h)    failing to provide warning devices or other methods of warning and/or advising invitees of the dangerous and hazardous conditions concerning the area in question;

(i)    failing to provide a means of adequate lighting for those invitees entering the Garden of Eden Apple Suite at Defendant's facility;

(j)    failing to provide appropriate warnings and/or caution for those invitees entering the Garden of Eden Apple Suite as to the existence of steps leading from the main floor to a lower level;

(k)    failing to provide handrails on said steps leading from the main floor to the lower level of the Garden of Eden Apple Suite; and

(l)    failing to provide adequate lighting for invitees of the Garden of Eden Apple Suite.

46.    The negligence and carelessness of the Defendant, Cove Haven, Inc. t/d/b/a Cove Haven Resort, as owner and/or possessor and/or maintainer of said property, was the proximate cause of the incident and injury sustained by the Plaintiff, Anna Perasso, as outlined herein.

47.    Solely as a result of the negligence, carelessness and recklessness of the Defendant, Cove Haven, Inc.  t/d/b/a Cove Haven Resort, as owner and/or possessor and/or maintainer of said property, the Plaintiff, Anna Perasso, sustained debilitating injuries which include, but are not limited to injuries and pain to her right ankle and leg, injuries to her knees, various bruises and contusions to the right side of her body, bruising to her left lower extremity, and an injury to her back, as well as a severe shock to her nervous system, all of which have caused her great pain and suffering which will continue in the future.

48.   The negligence and carelessness of the Defendant, Cove Haven, Inc. t/d/b/a Cove Haven Resort, as owner and/or possessor and/or maintainer of said property, as well as by and through its employees, was a cause-in-fact and a legal cause-of- injuries suffered by the Plaintiff, Anna Perasso.

49.   The Defendant, Cove Haven, Inc. t/d/b/a Cove Haven Resort as owner and/or possessor and/or maintainer of said property, is liable individually, as well as jointly and severally liable, along with the other Defendants set forth herein, for the injuries suffered by the Plaintiff, Anna Perasso.

50.   The Defendant, Cove Haven, Inc. t/d/b/a Cove Haven Resort, as owner and/or possessor and/or maintainer of said property, is vicariously liable for the actions of its agents, servants, employees and/or representatives in their actions and/or failures to act as described herein which caused the aforesaid injuries to the Plaintiff, Anna Perasso.

51.   As a result of the injuries sustained by the Plaintiff, Anna Perasso, as aforesaid mentioned, she has suffered inconvenience and has and will be hindered and prevented from attending to use her usual daily duties, occupation, and avocations, all of which will continue in the future and will be permanent in nature, and which have caused her great pain and suffering.

52.   As a further result of the aforesaid injuries she sustained, the Plaintiff, Anna Perasso, has incurred and will continue to incur medical expenses in and about endeavoring to cure her said injuries, all of which have been and will continue to be, to her great financial damage and loss.

**WHEREFORE**, the Plaintiff, Anna Perasso, demands judgment against the Defendant, Cove Haven, Inc. t/d/b/a Cove Haven Resort, as owner and/or possessor

and/or maintainer of said property, in an amount in excess of $75,000, together with interest and costs.

## COUNT IV - NEGLIGENCE
### Anna Perasso v. Starwood Hotels and Resorts Worldwide, Inc.

53.     Paragraphs 1 through 52 of Plaintiff's Complaint are hereby incorporated as though fully set forth at length herein.

54.     The Defendant, Starwood Hotels and Resorts Worldwide, Inc., is liable individually, as well as vicariously liable, for the carelessness and negligence of their employees.

55.     At all times relevant herein, the Defendant, Starwood Hotels and Resorts Worldwide, Inc., as an owner and/or possessor and/or maintainer of said property, was responsible for seeing that its property was not dangerous and was free from any potential hazardous or dangerous conditions which could cause injury.

56.     The Defendant, Starwood Hotels and Resorts Worldwide, Inc., as owner and/or possessor and/or maintainer of said property, where this incident occurred, had a duty to conduct reasonable inspections of the premises and to either warn invitees, such as the Plaintiff, of any dangerous and/or hazardous and/or defective conditions which would be dangerous to invitees, such as the Plaintiff, and correct same.

57.     The Defendant, Starwood Hotels and Resorts Worldwide, Inc., as owner and/or possessor and/or maintainer of said property, where this incident occurred, failed to perform reasonable inspections and knew or should have known of the hazardous and dangerous conditions of the Garden of Eden Apple Suite prior to the happening of the events described herein.

58.     The negligence, carelessness and/or recklessness of the Defendant, Starwood Hotels and Resorts Worldwide, Inc. and/or its agents, servants, workmen and/or employees consisted of the following:

(a)     allowing and/or permitting dangerous conditions to exist on the premises when the Defendant knew or should have known of its existence and danger to invitees walking in said areas;

(b)     failing to discover what a reasonable inspection of said premises would have disclosed;

(c)     failing to maintain said area in a reasonably safe condition for walking thereon;

(d)     failing to make proper and timely inspections of the grounds where Plaintiff fell in order to assure the safety of said area and to ensure they did not present a hazard;

(e)     failing to correct conditions and maintain the area at the scene of the incident in a proper, safe and adequate manner which the Defendant knew or should have known would expose its business invitees to an unreasonable risk of harm;

(f)     operating its place of business in a manner without due regard for the rights and safety of its business invitees;

(g)     failing to provide proper and adequate supervisory and maintenance programs, inspection programs, correction programs or other programs or procedures to ensure proper, safe and adequate invitee areas under the care, custody and control of the Defendant;

(h)     failing to provide warning devices or other methods of warning and/or advising invitees of the dangerous and hazardous conditions concerning the area in question;

(i)     failing to provide a means of adequate lighting for those invitees entering the Garden of Eden Apple Suite at Defendant's facility;

(j)     failing to provide appropriate warnings and/or caution for those invitees entering the Garden of Eden Apple Suite as to the existence of steps leading from the main floor to a lower level;

(k)     failing to provide handrails on said steps leading from the main floor to the lower level of the Garden of Eden Apple Suite; and

(l)   failing to provide adequate lighting for invitees of the Garden of Eden Apple Suite.

59.   The negligence and carelessness of the Defendant, Starwood Hotels and Resorts Worldwide, Inc., as owner and/or possessor and/or maintainer of said property, was the proximate cause of the incident and injury sustained by the Plaintiff, Anna Perasso, as outlined herein.

60.   Solely as a result of the negligence, carelessness and recklessness of the Defendant, Starwood Hotels and Resorts Worldwide, Inc., as owner and/or possessor and/or maintainer of said property, the Plaintiff, Anna Perasso, sustained debilitating injuries which include, but are not limited to injuries and pain to her right ankle and leg, injuries to her knees, various bruises and contusions to the right side of her body, bruising to her left lower extremity, and an injury to her back, as well as a severe shock to her nervous system, all of which have caused her great pain and suffering which will continue in the future.

61.   The negligence and carelessness of the Defendant, Starwood Hotels and Resorts Worldwide, Inc., as owner and/or possessor and/or maintainer of said property, as well as by and through its employees, was a cause-in-fact and a legal cause-of-injuries suffered by the Plaintiff, Anna Perasso.

62.   The Defendant, Starwood Hotels and Resorts Worldwide, Inc., as owner and/or possessor and/or maintainer of said property, is liable individually, as well as jointly and severally liable, along with the other Defendants set forth herein, for the injuries suffered by the Plaintiff, Anna Perasso.

63.   The Defendant, Starwood Hotels and Resorts Worldwide, Inc., as owner and/or possessor and/or maintainer of said property, is vicariously liable for the actions

of its agents, servants, employees and/or representatives in their actions and/or failures to act as described herein which caused the aforesaid injuries to the Plaintiff, Anna Perasso.

64.    As a result of the injuries sustained by the Plaintiff, Anna Perasso, as aforesaid mentioned, she has suffered inconvenience and has and will be hindered and prevented from attending to use her usual daily duties, occupation, and avocations, all of which will continue in the future and will be permanent in nature, and which have caused her great pain and suffering.

65.    As a further result of the aforesaid injuries she sustained, the Plaintiff, Anna Perasso, has incurred and will continue to incur medical expenses in and about endeavoring to cure her said injuries, all of which have been and will continue to be, to her great financial damage and loss.

**WHEREFORE**, the Plaintiff, Anna Perasso, demands judgment against the Defendant, Starwood Hotels and Resorts Worldwide, Inc., as owner and/or possessor and/or maintainer of said property, in an amount in excess of $75,000, together with interest and costs.

Respectfully submitted,

**FINE, WYATT & CAREY, P.C.**

By:    *Richard G. Fine*
RICHARD G. FINE, ESQUIRE

*Jeffrey E. Havran*
JEFFREY E. HAVRAN, ESQUIRE
*Counsel for Plaintiff*