**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANNA PERASSO, | CIVIL ACTION NO. 3:10-cv-1476 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| CAESARS COVE HAVEN, INC., ET AL., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is Defendants' Motion for Summary Judgment (Doc. 15.) Plaintiff Anna Perasso entered into the Defendants' dark, windowless hotel suite, was unable to find a light switch, and fell on a step adjoining two different levels while trying to turn on the lights. These facts are not contested. Instead, the parties disagree as to viability of a negligence claim predicated on these facts. Because the danger presented is not patently obvious on the facts in the record, the Court will deny the Defendants' Motion for Summary Judgment.

**BACKGROUND**

Plaintiff Anna Perasso and her significant other Dennis Alicea were guests of the Cove Haven Resort in Lakeville, Pennsylvania on July 17, 2008. (Defs.' Stmt. at ¶ 1, Doc. 17.) Upon entering their Garden of Eden Suite, the two found it dark and without windows. (*Id.* at ¶¶ 2-5.) Perasso proceeded to take about ten to fifteen steps before she tripped and fell onto a lower level floor. (*Id.* at ¶ 8.) There was, however, a light switch immediately opposing the front door, about three feet away from it. (*Id.* at ¶¶ 6-7.) Perasso did not

request any help in locating the switch nor is there evidence that there were defects in the lighting.  (*Id.* at ¶¶ 9-10.)

Richard Armezzani, the Chief Engineer at Cove Haven, confirmed that these suites were constructed without windows and that the policy was to leave the lights off when they were unoccupied.  (Armezzani Dep. 7:13-15, 25:1-6, 33:4-12, Aug. 16, 2011, Pl.'s Ex. C.) Each Garden of Eden suite contained three different levels: a living room level, a bedroom level, and a pool level.  (*Id.* at 37:10-15, 38:24-39:6).  Pertinent to this matter, the living room level is set above the bedroom level with a single carpeted stair in-between with no warning or handrail.  (*Id.* at 37:10-38:20.)

At her deposition, Anna Perasso testified that when Alicea opened the door for her, all she could see was darkness.  (Perasso Dep. 28:14-23, Aug. 16, 2011, Pl.'s Ex. A.) Though it was dark, Perasso entered ahead of Alicea and "just went right in" and started looking for a light switch.  (*Id.* at 30:2-12.)  It was so dark that, instead of looking for the light switch, she had to feel for it.  (*Id.* at 30:19-22.)  Perasso wandered deeper into the suite even as Alicea started to close the outside door, cutting off the outside light.  (*Id.* at 31:2-9, 31:21-32:17.)  She ordered Alicea to leave the door open right as she fell on the stair between the two levels.  (*Id.*)

On July 16, 2010, Perasso filed the instant Complaint against Caesars Cove Haven, Inc., Cove Haven, Inc. t/d/b/a Caesars Cove Haven, Cove Haven, Inc. t/d/b/a Cove Haven Resort, and Starwood Hotels & Resorts Worldwide, Inc. (the "Cove Haven Defendants") alleging negligence and seeking damages in excess of $75,000 for personal injuries sustained in her fall.  (Compl., Doc. 1.)  After an unsuccessful attempt at mediation, Cove

2

Haven filed a Motion for Summary Judgment on March 1, 2012. This Motion is now ripe and is ready for the Court's review.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id.* Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When considering whether there exist genuine issues of material fact, the court is

required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id.* (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## **DISCUSSION**

Perasso asserts a claim of state-law negligence as against all of the Cove Haven Defendants. In Pennsylvania, negligence requires a plaintiff to "establish the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the

4

plaintiff's injury, and the plaintiff suffered an actual loss or damages." *Merlini ex rel. Merlini v. Gallitzin Water Auth.*, 980 A.2d 502, 506 (Pa. 2009). The Defendants argue that they owed no duty of care to Perasso, and that she was comparatively negligent or assumed the risk of injury.

### I.     Existence of a Duty of Care

The existence of a duty owed by a defendant is the threshold question in a negligence action, and this is generally a question of law. *Holmes v. Kimco Realty Corp.*, 598 F.3d 115, 118 (3d Cir. 2010) (citation omitted). Pennsylvania law has long held that the duty a land possessor owes to a person who enters his land is to be determined based on whether the entrant is a trespasser, an invitee, or a licensee. *Palange v. City of Phila.*, 640 A.2d 1305, 1308 (Pa. Super. Ct.1994). Here, it is clear that Perasso was a business invitee at the time of her accident, and the parties appear to agree with this appraisal. *Walker v. Drexel Univ.*, 971 A.2d 521, 524 n.1 (Pa. Super. Ct. 2009) (quoting *Emge v. Hagosky*, 712 A.2d 315 (Pa. Super. 1998)) ("A business invitee is a person who is invited to enter or remain on the land of another for a purpose directly or indirectly connected with business dealings with the possessor of the land."). Thus, the Cove Haven Defendants owed a duty of care to Perasso as a business invitee.

In analyzing the extent of the duty owed to an business invitee by a possessor of land, Pennsylvania has adopted the Restatement (Second) of Torts § 343. *Felix v. GMS, Zallie Holdings, Inc.*, 827 F. Supp. 2d 430 (E.D. Pa. 2011) (citing *Kirschbaum v. WRGSB Associates*, 243 F.3d 145, 152 (3d Cir. 2001)). Section 343 of the Restatement provides that:

5

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965).

Pennsylvania, however, does not "impose liability if it is reasonable for the possessor to believe that the dangerous condition would be obvious to and discovered by his invitee." *Carrender v. Fitterer*, 469 A.2d 120, 123 (1983) (quoting *Atkins v. Urban Redevelopment Auth. of Pittsburgh*, 414 A.2d 100, 104 (Pa. 1980)). Such an obvious danger exists where "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment." *Id.* at 123 (quoting Restatement, *supra*, § 343A comment b.) In particular, the danger must not only be recognized, but "the probability and gravity of the threatened harm must be appreciated." *Id.* at 124 (quoting Restatement, *supra*, § 343A comment b.) "Although the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion." *Id.* at 124 (citing Restatement, *supra*, § 328B comments c and d).

In the matter *sub judice*, the danger presented–uneven levels inside a darkened hotel suite–was not known or obvious and the Court will reserve this question of material fact for a jury. While a darkened room clearly poses some quantum of obvious danger, this framing

too narrowly isolates the danger actually involved in this case. Here, the threat was not merely an unlit hotel suite. If that were the case, the sort of injury expected would be a stubbed toe, a bruised shin, or something of the like. Instead, this dark hotel suite concealed multiple levels, an unexpected threat going beyond the obvious. If, for example, Perasso had encountered a full flight of stairs in the darkness or something even more ridiculous, such as a lion, it could not be argued that the probability and gravity of those threatened harms had been appreciated. In other words, while tripping on a coffee table would be an obvious possibility in proceeding into a dark hotel suite, tripping down a full flight of stairs would not be. While this case admittedly presents a threat on the more pedestrian side of the spectrum, the record does not indicate the magnitude of this threat–i.e. the rise of the stair–and reasonable fact finders could disagree as to whether this was the sort of threat which should have been obvious to Perasso.[1]

Therefore, from the facts presented, the physical layout of the suite potentially posed an enhanced hazard which a reasonable jury could find to be non-obvious. While a close determination, such factual uncertainties are most appropriately left to a jury. Therefore, the Court will deny summary judgment as this danger was potentially non-obvious, and if it was, the Cove Haven Defendants had a duty to exercise reasonable care to protect Perasso against it.

### II. Assumption of Risk

In Pennsylvania, assumption of risk asks whether, under the specific facts of the case, the defendant owes no duty to the plaintiff as a matter of law. *Staub v. Toy Factory, Inc.*,

---

[1] Further compounding this omission is that Perasso's expert reports that there were "three steps down to the bedroom area." ((Pl.'s Ex. C at 4.) This conflicts with Richard Armezzani's testimony which reflects that the levels were set off by a single carpeted stair. (Armezzani Dep. 37:10-17, Aug. 16, 2011, Pl.'s Ex. C.)

749 A.2d 522, 526 (Pa. Super. Ct. 2000). A plaintiff, however, shall "not be precluded from recovering except where it is *beyond question* that he voluntarily and knowingly proceeded in the face of an obvious and dangerous condition and thereby must be viewed as relieving the defendant of responsibility for his injuries." *Id.* (quoting *Struble v. Valley Forge Military Acad.*, 665 A.2d 4, 6 (Pa. Super. Ct. 1995) (emphasis supplied)). Contributory negligence alone does not meet this standard. *Id.* at 529. Instead, a "court may determine that no duty exists only if reasonable minds could not disagree that the plaintiff deliberately and with awareness of specific risks inherent in the activity nonetheless engaged in the activity that produced his injury." *Id.* at 527 (quoting *Howell v. Clyde*, 533 Pa. 151, 162, 620 A.2d 1107, 1113 (1993) (plurality)).

As noted above, the Court does not find that Perasso appreciated the specific risk that she was faced with: stairs hidden within the darkness of her windowless hotel suite. As noted in the previous section, the general dangers which can be imputed to a dark room do not necessarily align with the particular dangers actually contained within that dark room. *See, e.g.*, *Ciocca v. BJ's Wholesale Club, Inc.*, CIV.A. 04-5605, 2011 WL 5553646, at * 5 (E.D. Pa. Nov. 14, 2011) (finding genuine issues of material fact on assumption of risk as to whether the plaintiff knew of the specific defect with his snow blower when he stuck his hand inside the danger zone and was injured). Thus, the Court will not grant summary judgment on the issue of assumption of risk.

### III.     Comparative Negligence

Of course, Perasso may be found to be comparatively negligent for the reasons outlined throughout this memorandum, namely wading into a dark hotel suite. Specifically, Pennsylvania's comparative negligence statute provides that a plaintiff's own negligence

shall not bar recovery, but that "any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff" so long as the plaintiff's negligence was not greater than that of the defendant or defendants combined. 42 Pa.C.S.A. § 7102(a).

However, even where a plaintiff is partially negligent as a matter of law, the defendant is not necessarily entitled to summary judgment. *Bradley v. O'Donoghue*, CIV.A. 03-5071, 2005 WL 697466, at *6 (E.D. Pa. Mar. 24, 2005) (citing *White v. Se. Pennsylvania Transp. Auth.*, 138, 518 A.2d 810, 818 (Pa. Super. Ct. 1986)). This is because such apportionment of fault is generally within the jury's province, and should not be analyzed by the court except in certain circumstances where "the facts so clearly reveal the plaintiff's negligence that reasonable minds could not disagree as to its existence." *Mull v. Ickes*, 994 A.2d 1137, 1141 (Pa. Super. Ct. 2010) (quoting *O'Brien v. Martin*, 638 A.2d 247, 249 (1994)); *see also Bradley v. O'Donoghue*, CIV.A. 03-5071, 2005 WL 697466, at *6 (E.D. Pa. Mar. 24, 2005) (nothing that, while comparative negligence is ordinarily a jury question, that case presented a rare instance where the court could hold as a matter of law that the plaintiffs' negligence equaled that of the defendant); *Peair v. Home Ass'n of Enola Legion No. 751*, 430 A.2d 665, 669 (Pa. Super. Ct. 1981) (citation omitted) ("[S]ummary judgment is a poor device for deciding questions of comparative negligence.").

Here, upon a potential finding of negligence on the part of the Cove Haven Defendants, it would be most appropriate for the finder of fact to weigh any negligence on the part of Perasso. The facts before the Court do not compel a finding that Perasso was so negligent as to bar recovery and reasonable minds could certainly disagree as to the magnitude of Perasso's comparative negligence, if any. Whether Perasso should have

9

stayed out of the room, whether she should have found the light switch, and whether she should have sought assistance–among other questions–will drive this analysis and are appropriately considered by the finder of fact. Therefore, while the potential for comparative negligence does not warrant summary judgment today, it may be appropriately considered at trial to bar or mitigate any recovery by Perasso.[2]

## CONCLUSION

From the facts presented, it cannot be determined whether the danger within Perasso's unilluminated hotel suite was the sort which should have been obvious. Therefore, the Defendants' Motion for Summary Judgment will be denied as the Defendants may have owed a duty to Perasso and there is no clear assumption of risk. However, these issues, including comparative negligence, may be revisited at trial. An appropriate order follows.

 June 12, 2012                                                        /s/ A. Richard Caputo
 Date                                                                  A. Richard Caputo
                                                                       United States District Judge

---

[2] To the extent the Cove Haven Defendants cite to a "Darkness Doctrine" in their brief, such a theory is inapplicable to the instant case. Those cases, falling within Pennsylvania's old contributory negligence regime, allowed plaintiffs to recover for injuries sustained in the dark where they were forced to be there, but denied recovery where plaintiffs entered dark quarters without compelling reason. *See Just v. Son's of Italy Hall*, 368 A.2d 308, 314 (Pa. Super Ct. 1976). This binary approach evolved because contributory negligence functioned as a complete bar to a plaintiff's recovery, but this approach was mostly abolished with Pennsylvania's Comparative Negligence Act of 1978. *Berman v. Radnor Rolls, Inc.*, 542 A.2d 525, 533 (Pa. Super. Ct. 1988). Therefore, since a plaintiff's negligence is no longer a *per se* bar to recovery, these cases are inapplicable.